IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DION COOPER                                                                                                       PLAINTIFF

v.                            Civil No.: 6:15-CV-06056

BRENT WHITWORTH, *et. al.*                                                           DEFENDANTS

**ORDER**

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to obey a Court Order and to prosecute this case. Also before the Court is Defendants' Motion to Dismiss. (ECF No. 29).

**I. BACKGROUND**

On September 8, 2016, the Court entered an Order granting Defendants' Motion to Compel, and directing Plaintiff to respond to discovery requests by September 23, 2016. In the Order, Plaintiff was advised that failure to comply could result in summary dismissal of his case. (ECF No. 27). This Order was not returned as undeliverable. Plaintiff has not communicated with the Court since September 8, 2016. (ECF No.26). On May 15, 2017, Defendants' filed a Motion to Dismiss, stating Plaintiff had not responded. (ECF No. 29).

**II. LEGAL STANDARD**

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party

1

> proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

Plaintiff has failed to comply with a Court order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

For these reasons, IT IS ORDERED that Defendants' Motion to Dismiss (ECF No. 29) is GRANTED and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED this 25th day of October 2017.

/s/P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE